J-S85043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERTO RULLAN, | : | |
| | : | |
| Appellant | : | No. 2738 EDA 2015 |

Appeal from the Order August 4, 2015
in the Court of Common Pleas of Lehigh County,
Criminal Division, No(s): CP-39-CR-0004046-2011

BEFORE: PANELLA, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED February 27, 2017.**

Roberto Rullan ("Rullan"), *pro se*, appeals from the Order dismissing his "Motion to Modify and Correct Sentence, *Nunc Pro Tunc*."[1] We affirm.

On July 26, 2012, Rullan entered a negotiated guilty plea to criminal conspiracy to commit burglary. That same day, pursuant to the guilty plea agreement, Rullan was sentenced to serve four to ten years in prison. Rullan did not file a direct appeal.

---

[1] Any petition or motion filed after the judgment of sentence becomes final will be treated as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. **See Commonwealth v. Jackson,** 30 A.3d 516, 521 (Pa. Super. 2011). Indeed, the PCRA is the sole means of obtaining collateral relief, and subsumes all other remedies where the PCRA provides a remedy for the claim. **See** 42 Pa.C.S.A. § 9542 (providing that a PCRA petition is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when it takes effect, including *habeas corpus* and *coram nobis*."). In his Motion, Rullan challenges the legality of his sentence. Because Rullan filed his Motion after his judgment of sentence became final, and the PCRA provides a remedy for his claims, the Motion must be treated as a PCRA Petition.

On October 24, 2012, Rullan filed a *pro se* Motion to Reconsider Sentence, which was patently untimely and dismissed by the trial court. On November 19, 2012, Rullan filed a *pro se* PCRA Petition. The PCRA court appointed Rullan counsel, who filed an Amended PCRA Petition. The PCRA court dismissed the Petition on July 2, 2013.

On June 23, 2015, Rullan filed the instant PCRA Petition, alleging his sentence was illegal in light of ***Alleyne v. United States***, 133 S. Ct. 2151 (2013).[2] The PCRA court dismissed the Petition without a hearing or notice.[3] Rullan filed a timely Notice of Appeal.

On appeal, Rullan raises the following question for our review: "Whether the [PCRA] court erred [in denying] [Rullan] relief when [he] was sentenced to a mandatory sentence … [that is] facially unconstitutional, under the standards set forth under [***Alleyne***?]" Brief for Appellant at 8.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

---

[2] In ***Alleyne***, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. ***Alleyne***, 133 S. Ct. at 2155. The Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. ***Id***. at 2156.

[3] The PCRA court did not provide a Pa.R.Crim.P. 907 Notice. However, the failure to provide the notice is not reversible error. ***See Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (holding that "where the PCRA petition is untimely, the failure to provide [a Rule 907] notice is not reversible error.") (citation omitted).

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Rullan's judgment of sentence became final on August 27, 2012, when the thirty-day period for filing a direct appeal expired.[4] ***See*** Pa.R.A.P. 903(a); ***see also*** 42 Pa.C.S.A. § 9545(b)(3). Rullan had until August 27, 2013, to file a timely PCRA petition. The instant Petition, filed on June 23, 2015, is thus patently untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." ***Id.*** § 9545(b)(2); ***Albrecht***, 994 A.2d at 1094.

---

[4] We note that August 26, 2012, fell on a Sunday.

J-S85043-16

Here, Rullan invokes the exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), and directs our attention to the *Alleyne* decision. Brief for Appellant at 9. Rullan argues that he was subjected to a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714, in violation of *Alleyne*. Brief for Appellant at 8-10.

Initially, our review of the written sentencing order and the sentencing hearing shows that the trial court did not impose a mandatory minimum sentence. Rather, the trial court imposed the sentence as set forth in the plea agreement. *See* N.T., 7/26/12, at 6, 8, 22, 31.

However, even if the trial court had imposed a mandatory minimum sentence, Rullan's PCRA Petition invoking the exception at 9545(b)(1)(iii) would nonetheless be untimely. *Alleyne* was decided on June 17, 2013. Rullan filed the instant Petition on June 23, 2015, well over the sixty-day period in which the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

Further, the rule established in *Alleyne* does not apply retroactively. *See Commonwealth v. Miller*, 102 A.3d 988, 955 (Pa. Super. 2014) (stating that *Alleyne* does not apply retroactively to defendants whose judgment of sentence was final prior to June 17, 2013); *see also Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (holding that "*Alleyne* does not apply retroactively to cases pending on collateral

- 4 -

review."). Accordingly, Rullan failed to satisfy the timeliness exception specified in 42 Pa.C.S.A. § 9545(b)(1)(iii).

Because Rullan did not satisfy any of the three exceptions necessary to circumvent the PCRA's timeliness requirement, we lack jurisdiction to address the merits of his claim on appeal.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2017